

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1865
Re: Is the State entitled to tax all or only one-half of the proceeds from life insurance policies on the life of the deceased when the premiums of such policies were paid with community funds?

We are in receipt of your letter of June 18, 1940, in which you request an opinion of this department on the question contained as follows:

"We have before us for final approval the inheritance tax report of the estate of C. B. Team, deceased. At the time of his death on December 20, 1939, he had life insurance in the amount of $77,332.82, made payable to named beneficiaries. The executor only reported one-half ($38,661.41) as being taxable for the reason the premiums were paid from community funds.

"The question now arises whether or not the executor is correct in reporting only one-half of the amount."

The proceeds of life insurance policies were made taxable under the Texas Inheritance Tax Law by the Forty-sixth Legislature in 1939. Article 7117 of the Revised Civil Statutes, as so amended, now reads, in part as follows:

Honorable George H. Sheppard, page 2

"All property within the jurisdiction of
this State, real or personal, corporate or
incorporate, and any interest therein, includ-
ing property passing under a general power of
appointment exercised by the decedent by will,
including the proceeds of life insurance to
the extent of the amount receivable by the
executor or administrator as insurance under
policies taken out by the decedent upon his
own life, and to the extent of the excess over
Forty Thousand Dollars ($40,000) of the amount
receivable by all other beneficiaries as insur-
ance under policies taken out by the decedent
upon his own life, whether belonging to inhabi-
tants of this State or to persons who are not
inhabitants, regardless of whether such property
is located within or without this State, which
shall pass absolutely or in trust by will or
by the laws of descent or distribution of this
or any other State, or by deed, grant, sale,
or gift made or intended to take effect in
possession or enjoyment after the death of the
grantor or donor, shall, upon passing to or
for the use of any person, corporation, or as-
sociation, be subject to a tax for the benefit
of the State's General Revenue Fund, in accord-
ance with the following classification . . . ."

It may be easily seen from the proceeding arti-
cle that the tax is based on the amount of property that
passes. Apparently the executor is making the contention
that only $38,661.41 of life insurance proceeds passed at
the death of the decedent. Evidently the executor is tak-
ing the position that the other half did not pass at the
death of decedent because the same was the wife's half of
the community property due to the fact that the premiums
on the policies had been paid out of community funds.
On the other hand, if the entire $77,332.82 of insurance
proceeds passed to the beneficiaries as separate property
of the husband and not as community property of both
spouses, then the executors' contention in this respect
must be overruled and the entire amount of insurance pro-
ceeds would be subject to the Texas Inheritance Tax.
Stated in another way, if the total proceeds of the poli-
cies go to the beneficiaries named therein not subject to

Honorable George H. Sheppard, page 3

any lien or claim of the wife, then such total proceeds have passed at the death of decedent and are taxable under our Texas Inheritance Tax.

It is a well settled rule of law in this State that where an insurance policy is taken out on the life of one of the spouses, at the death of the person so insured the proceeds of such policy belong to the beneficiary named therein, even though the premiums on the policy were paid with community funds. This rule was announced by the Supreme Court of Texas in the case of Martin v. McAllister, et al, 63 S. W. 624. The court in an opinion written by Justice Brown stated as follows:

"It is contended by the defendants in error that the husband could not appropriate the community funds to his own use in the purchase of this contract without the consent of his wife; but our statute specially provides that the husband shall have the sole right of control of the community property, and it has been uniformly held that such control cannot be interfered with unless it is exercised in fraud of the rights of the wife. Rev. St. Art. 2968; Stramler v. Coe, 15 Tex. 216. We see no ground in the facts of this case to impeach the action of the husband as fraudulent towards his wife. The right to the proceeds of the policy, whether upon the life of the wife in favor of the husband, or upon the life of the husband in favor of the wife, rests upon the same principle, which is that the proceeds of the policy belong to the person named as payee, and it becomes property upon the contingency of the death of the insured in the lifetime of the payee. Therefore, as it could not become the property of the husband or the wife during the lifetime of both of them, it cannot be held to be community property, and is therefore the separate property of the one to whom it is made payable."

This rule of law laid down by the Supreme Court was again announced by the San Antonio Court of Civil Appeals in the case of Jones v. Jones, 146 S. W. 265. The Court stated as follows:

Honorable George H. Sheppard, page 4

"Our Supreme Court, in the case of Martin v. McAllister, has held that when insurance is taken upon the life of the wife, payable to the husband, and premiums paid out of the community funds, the proceeds of the policy become the separate property of the husband. The court stated that it saw no ground in the facts of the case to impeach the action of the husband as fraudulent towards his wife, and announced the doctrine that, as the proceeds of a policy upon the life of the husband or wife could not become the property of either during the lifetime of both of them, it cannot be held to be community property, and is therefore the separate property of the one to whom it is payable."

The rule of law which precludes the wife from following the proceeds of the insurance policy and recovering against the same because community funds were expended in the payments of the premiums was announced by the Texarkana Court of Civil Appeals in the case of Northwestern Mutual Life Insurance Company v. Whiteselle, 188 S. W. 22. The Court stated as follows:

"In Rowlett v. Mitchell, 52 Tex. Civ. App. 589, 114 S. W. 845, it was held that, in the absence, as was the case here, of fraud on the part of the husband, the wife cannot follow and recover community funds expended by him in premiums on an insurance policy on his life for the benefit of other persons. It is plain, therefore, that Carrie B. Shook was not entitled to recover of plaintiff in error because community funds were used by J. O. Shook before she was divorced from him in paying premiums due on the policy."

The Commission of Appeals of Texas affirmed the case of Whiteselle v. Northwestern Mutual Life Insurance Company in 221 S. W. 575. The Court stated the same rule of law that was announced by the Court of Civil Appeals in the following language:

"The use of community funds in payment of premiums for insurance upon the life of one spouse in favor of the other does not,

in the absence of fraud, create in the community the right to reimbursement for the funds so used. Martin v. McAllister, 94 Tex. 567, 63 S. W. 624, 56 L. R. A. 585. . ."

The rule of law announced in these other cases was recently stated by the Fort Worth Court of Civil Appeals in the case of Fain v. Fain, 93 S. W. (2d) 1226. (Writ of error dismissed by the Supreme Court). The Court stated as follows:

"We believe it clear that the life insurance policies that were made payable to the defendant's estate were his separate property, in which the community estate could have no interest, either legal or equitable. Martin v. McAllister, 94 Tex. 567, 63 S. W. 624, 56 L. R. A. 585; Jones v. Jones (Tex. Civ. App.) 146 S. W. 265.

"In Whiteselle v. Northwestern Mutual Life Ins. Co. (Tex. Com. App.) 221 S. W. 575, 576, it was specifically held that 'the use of community funds in payment of premiums for insurance upon the life of one spouse in favor of the other does not, in the absence of fraud, create in the community the right to reimbursement for the funds so used.' And further: 'Recovery upon the remaining ground, namely, that the cash surrender value of the policy at the date of the divorce was community property, a one-half interest in which was decreed in the wife, is precluded under the decision in Hatch v. Hatch (35 Tex. Civ. App. 373, 80 S. W. 411), in which a writ of error was denied.'"

By way of conclusion, it is a well settled rule of law of this State that in a case such as you present in your inquiry, the proceeds of the insurance policy on the life of the deceased spouse are payable to the beneficiary named therein free from any claim that the surviving spouse might have against the same due to the fact that the premiums were paid out of community funds. This being true the entire $77,332.82 of life insurance proceeds passed to the beneficiary on the death of decedent and the entire

Honorable George H. Sheppard, page 6

amount of life insurance proceeds would therefore be subject to the tax imposed thereon by Article 7117, supra. The result here announced, however, would of course be subject to the $40,000 deduction of insurance proceeds allowed under the terms of such Article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg

Billy Goldberg
Assistant

APPROVED JUN 24, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

BG:ew


APPROVED
OPINION
COMMITTEE
BY